1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUSTAVO VARGAS, ) | **CV F 04-5746 AWI** |
| ) | **(CR F 02-5050 AWI)** |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND ORDER DENYING** |
| ) | **PETITIONER'S MOTION TO** |
| UNITED STATES OF AMERICA, ) | **MODIFY, VACATE OR SET** |
| ) | **ASIDE THE SENTENCE AND** |
| Respondent. ) | **CLOSING THE CASE** |
| _____ ) | |
| | **(28 U.S.C. § 2255)** |

On December 19, 2005, the court issued an order to show cause why the habeas petition of Gustavo Vargas ("Petitioner") to vacate, correct or amend his sentence of 262 months pursuant to 28 U.S.C., section 2255 should not be denied. On January 26, 2006, Petitioner filed his response to the order to show cause. The court has considered Petitioner's response and concludes Petitioner's motion pursuant to section 2255 must be denied for the reasons that follow.

In his response, Petitioner elaborates on his claims that his plea was not voluntary, and that his sentence was enhanced on the basis of facts found by the court by a preponderance of the evidence and not by a jury beyond a reasonable doubt in violation of Blakey v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and United States v. Booker, 543 U.S. 125 S.Ct. 738, 756 (2005). The additional discussion provided by Petitioner as well the inclusion of case authority

1    not previously provided raises issues the court will address below.

2        Relevant to the issue of whether Petitioner's plea of guilty was voluntary, Petitioner cites

3    United States v. Minore, 292 F.3d 1109 (9th Cir. 2002) to support his contention his plea was not

4    valid because he was not fully informed of his right to a determination of drug quantity by a jury

5    beyond a reasonable doubt.  Minore applied the holding in Apprendi v. New Jersey, 530 U.S. 466

6    (2000), to the context of the plea colloquy.   The Minore court determined that under Apprendi,

7    the distinction between a sentencing factor and an element of a crime is a matter of effect.

8    Where a required finding has the effect of exposing a defendant to greater punishment than

9    would otherwise be authorized by statute, the finding is an element of the crime.  Id. at 1116.

10   Rule 11 of the Federal Rules of Criminal Procedure[1] requires that a defendant entering a plea of

11   guilty be fully informed of the nature of the charges against him, including the elements of the

12   charges, and of the defendant's right to a proof of each element beyond a reasonable doubt.  Rule

13   11(b).  Thus, the Minore court held that where the statutorily defined minimum sentence a

14   defendant may receive is determined in whole or in part by drug quantity, the drug quantity is an

15   element of the crime and Rule 11 requires the defendant be informed of his right to require proof

16   of that amount beyond a reasonable doubt.  Minore, 292 F.3d at 1116-117.  The failure of a court

17   to so inform the defendant during the entry of a plea of guilty is plain error.  Id. at 1117.

18       Conviction of conspiracy to manufacture and distribute methamphetamine pursuant to 21

19   U.S.C. § 846(b)(1)(A) requires the government to prove the conspiracy involved more than 50

20   grams of actual methamphetamine or more than 500 grams of a mixture containing

21   methamphetamine.  In the context of the charge against Petitioner, the amount of drug is a

22   critical element of the crime because it exposes the defendant to a higher potential minimum and

23   maximum sentence than would be authorized for convictions involving lesser amounts of

24   methamphetamine under sections 846(b)(1)(B) or 846(b)(1)(C).  Therefore, Petitioner is correct

25

26
        [1]      References to Rules hereinafter are to the Federal Rules of Criminal Procedure
27   unless otherwise specified.

28                                                    2

1   in his assertion that Rule 11 requires the court to disclose to the defendant during the plea

2   colloquy that he has the right to a jury determination of the amount of drug beyond a reasonable

3   doubt.

4          In a similar vein, Petitioner cites United States v. Banuelos, 322 F.3d 700 (9 Cir. 2003)

5   for the proposition that a defendant in a conspiracy involving drugs, the defendant must be

6   informed that the government has the burden to prove not only the amount of drugs involved in

7   the conspiracy, but also the amount of drugs specifically attributable to him.  In United States v.

8   Guiterrez-Hernandez, 94 F.3d 582 (9th Cir. 1996), the court held a defendant may not

9   automatically be sentenced accordingly to the total amount of drug distributed by the conspiracy,

10  but rather the court must find the amount of drugs that either fell within the scope of the

11  defendant's agreement with the coconspirators or was reasonably foreseeable by the defendant.

12  Id. at 585.  In Banuelos, the court applied the holding in Appredi in the context of a challenge to

13  the sentence imposed where the determination of the amount of drug attributable to the defendant

14  or reasonably foreseeable by the defendant was not admitted or found by a jury beyond a

15  reasonable doubt.  The Banuelos court observed that "the very finding of an Apprendi violation

16  means that it was improper for the district court to determine drug quantity attributable to

17  [defendant] at sentencing without first informing [defendant] of his right to a jury determination

18  of drug quantity attributable to him beyond a reasonable doubt."  Id. at 706 n. 4.  Thus Banuelos

19  supports Petitioner's contention that Rule 11 requires a defendant in a drug conspiracy be

20  informed of his right to a jury determination of the amount of drug that is attributable to him

21  beyond a reasonable doubt.

22         During the plea colloquy, the court addressed Petitioner as follows:

23              Further, before a mandatory minimum sentence of ten years can be
        imposed upon you in connection with this charge, the government must prove
24      each of the following facts beyond a reasonable doubt: that the conspiracy
        involved the actual manufacture and/or possession with intent to distribute 50
25      grams or more of actual methamphetamine or 500 grams or more of a mixture or
        substance containing a detectable amount of methamphetamine and that you
26      yourself knew or could reasonably foresee that the conspiracy involved the actual
        manufacture, distribution and/or possession with intent to distribute 50 grams or
27

28                                              3

1    more of actual methamphetamine or 500 grams or more of a mixture or substance
2    containing a detectable amount of methamphetamine.

3    To the extent Petitioner claims his plea was not voluntary because he was not informed of
4    his right to a determination of the amount of drug attributable to the conspiracy or to him beyond
5    a reasonable doubt, the court finds the claim to not be factually supported.  The transcript of the
6    plea colloquy quoted above clearly indicates the court specifically informed Petitioner that at trial
7    the government was required to prove beyond a reasonable doubt that the conspiracy involved
8    more than 50 grams of actual methamphetamine or 500 grams or more of a mixture containing
9    methamphetamine.  The court also informed Petitioner the government would be required to
10   prove beyond a reasonable doubt that "you yourself knew or could reasonably foresee that the
11   conspiracy involved the actual manufacture, distribution and/or possession with intent to
12   distribute 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or
13   substance containing a detectable amount of methamphetamine."

14   The court finds that during the plea colloquy, petitioner was fully informed of each of the
15   necessary elements of the crime charged, including the element of required drug amount
16   determination of the amount of drug attributable to him as a result of his participation in the
17   conspiracy.  Petitioner was fully informed as to his right to a determination of those elements
18   according to the standard of beyond a reasonable doubt.  The court finds the court's colloquy
19   during his plea of guilty complied with all the requirements set forth in Apprendi, Minore, and
20   Banuelos.  Petitioner's plea of guilty was therefore fully informed.

21   The court has thus given full consideration to Petitioner's claim his plea of guilty was not
22   voluntary.  For the reasons set forth above and for the reasons set forth previously in the court's
23   order to show cause which are incorporated here by reference, the court finds Petitioner's plea
24   was fully informed and voluntary.  The court further finds there was no Apprendi error because
25   Petitioner was fully informed of his rights to a determination beyond a reasonable doubt of drug
26   quantity and quantity attributable to him and Petitioner's waiver of those specific rights was
27   therefore knowing and voluntary.

28                                                    4

1    As previously discussed in the courts' order to show cause, a plea agreement must be

2    honored if it is voluntarily made and taken in compliance with Rule 11 of the Federal Rules of

3    Criminal Procedure.[2] United States v. Portillo-Cano, 192 F.3d 1246, 1250 (9th Cir. 1999).

4    Having found Petitioner's plea was both informed and voluntary and that it was make in

5    compliance with the requirements of Rule 11, the court is required to give effect to the plea

6    agreement and its waiver of rights to challenge the conviction or sentence, specifically the waiver

7    of the right to challenge by way of a motion pursuant to 28 U.S.C., section 2255.

8    The court concludes, consistent with the opinion expressed in the order to show cause,

9    that Petitioner's challenges to his sentence pursuant to section 2255[3] are barred by Petitioner's

10   comprehensive waiver of rights to collaterally attack his conviction or sentence.  Consequently,

11   Petitioner is barred from claims he was denied rights under Blakely v. Washington, 542 U.S. 296

12   (2004), or United States v. Booker, 543 U.S., 125 S.Ct. 738, 756 (2005).  As discussed in the

13   order to show cause, even if these claims were not barred because of waiver, the claims

14   Petitioner sets forth would entitle Petitioner to no relief because the Ninth Circuit has determined

15   that neither Blakely nor Booker are to be applied retroactively to cases that were final before the

16   cases were decided.  Schardt v. Payne, 414 F.3d 1025, 1036-1038 (9th Cir. 2005).  Because

17   Petitioner's case became final nearly one year before the decision in Blakely, neither Booker nor

18   Blakely are applicable to Petitioner's case.

19   For the reasons discussed above and in light of the court's discussion contained in the

20   order to show cause, the court concludes Petitioner's motion pursuant to section 2255 is barred,

21   and therefore the petition must be denied.

22

23   THEREFORE, it is hereby ORDERED that Petitioner's motion pursuant 28 U.S.C.,

24   _____

25   [2]    References to "Rule" or "Rules" hereinafter refer to the Federal Rules of Criminal
Procedure unless otherwise specified.

26

27   [3]    References to section numbers hereinafter are to sections of Title 28 of the United
States Code, unless otherwise specified.

28                                                          5

1    section 2255 is DENIED.  The Clerk of the Court shall close the case.

2

3    IT IS SO ORDERED.

4    **Dated:    February 17, 2006**                            **/s/ Anthony W. Ishii**
     h2ehf                                              UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28