IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO VARGAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CV F 04-5746 AWI<br>(CR F 02-5050 AWI)<br><br>ORDER DISMISSING<br>FURTHER MOTION TO<br>VACATE JUDGMENT<br>PURSUANT TO F.R.C.P. 60(b)<br>AND RELATED ORDERS<br><br>(28 U.S.C. § 2255)<br><br>**Criminal Case Doc. #'s 296 and 297** |

　　　On May 20, 2004, Petitioner Gustavo Vargas ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate the sentence of 262 months imprisonment that was imposed following Petitioner's conviction by plea of guilty to one count of conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C., sections 846 and 841(a)(1).  That motion, as amended by Petitioner on September 13, 2004, and again on August 19, 2005, was denied by the court on February 26, 2006.  The court's docket indicates Petitioner did not file a notice of appeal of the court's order, nor was a certificate of appealability requested by petitioner.  On August 6, 2008, Petitioner filed a motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on August 6, 2008.  Doc. # 294.  The pleading that was filed on August 6, 2008, – Document # 294 – consists of a motion that was apparently prepared

on March 16, 2006, and was later amended by an attached document that was prepared on or about July 31, 2008. Although the court's docket shows no filing of a Rule 60(b) motion on or about March 16, 2006, the court construed both the first Rule 60(b) motion and its later amendment as timely and properly filed and gave full consideration to both prior to denying the amended Rule 60(b) motion on March 11, 2009. On January 8, 2010, Petitioner filed a pleading titled "Motion to Voluntarily Dismiss" wherein Petitioner seeks to voluntarily dismiss the Rule 60(b) motion as amended. A second motion for relief from final judgment pursuant to Rule 60(b) was thereafter filed on January 19, 2010. Doc. # 297.

Petitioner relies on Cohen v. Carreon, 2001 WL 34047033 (D.Or. 2001) for the proposition that his voluntary dismissal of the amended motion for reconsideration under Rule 60(b) is of right. Petitioner's reliance is misplaced since the rule employed in Cohen, Rule 41(a) of the Federal Rules of Civil Procedure, allows a plaintiff in an action to voluntarily dismiss the *action*. Rule 41(a) does not apply to motions filed within an action, only to the action itself. In any event, the court would not permit Petitioner to voluntarily dismiss his amended motion for reconsideration where, as here, the court has already made a determination on Petitioner's amended Rule 60(b) motion that is adverse to Petitioner. See Phillips USA, Inc. v. Allflex USA Inc., 77 F.3d 354, 358 (10 Cir. 1996) (party should not be able to avoid adverse determination on dispositive motion by voluntarily dismissing claim without prejudice). Petitioner's request to dismiss his prior motion for reconsideration pursuant to Rule 60(b) will be denied.

The court's order of March 11, 2009, denying Petitioner's amended motion for reconsideration pursuant to Rule 60(b) set forth in some detail the reasons why Petitioner's Rule 60(b) motion must be construed as a successive petition pursuant to 28 U.S.C. § 2255 and why the court lacks jurisdiction to consider such petition pursuant to 28 U.S.C. § 2255(e). Basically, the Court's order of March 11, 2009, pointed out that where, as here, the motion for reconsideration substantively attacks the petitioner's conviction or sentence, as opposed to attacking the integrity of the habeas process itself, the Rule 60(b) motion is to be construed as a

successive motion pursuant to 28 U.S.C. § 2255.  Gonzalez v. Crosby, 545 U.S. 524, 532-533 (2005).  Pursuant to 18 U.S.C. § 2255(e) a district court may not entertain "a motion pursuant to this section if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief . . . ."

Here, as before, Petitioner has asserted essentially the same claims that were asserted and rejected in Petitioner's first motion to modify vacate or set aside his judgment pursuant to 28 U.S.C. § 2255.  Specifically, Petitioner again alleges his plea of guilty is invalid because it was entered into unknowingly and that he suffered ineffective assistance of counsel.  Having rejected those claims in the original 2255 petition, and having once rejected Petitioner's attempt to recast his section 2255 petition as a motion pursuant to Rule 60(b), the court reaches the same conclusion it reached in its decision of March 11, 2009.  That is, Petitioner's current Rule 60(b) motion must also be denied.

Petitioner's current Rule 60(b) motion will be denied and Petitioner is hereby advised that he may not return to this court with yet another reformulation of his habeas claims.  The way forward for Petitioner is by way of appeal to the Ninth Circuit Court of Appeals.  In this regard, Petitioner is further advised that the provisions of 28 U.S.C. § 2253 place limitations on what may be appealed.   Pursuant to section 2253(c)(1)(B), an appeal may not be taken from the final denial of relief under section 2255 unless the district court judge issues a certificate of appealability.  Pursuant to subsection 2253(c)(2), "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."

Pursuant to the foregoing provisions of 28 U.S.C. § 2253, a petitioner whose motion to modify, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 has been finally denied may seek a certificate of appealability from the district court.  The district court may grant a certificate of appealability only upon a substantial showing of the denial of a constitutional right.  If the certificate of appealability is issued, the petitioner may appeal the substance of the district

court's decision denying relief. If the district court declines to issue a certificate of appealability, the petitioner is confined to an appeal of the district courts refusal to issue the certificate of appealability. At present, there is no request for certificate of appealability before the court, nor is the court aware that any notice of appeal has been filed. The court therefore makes no determination as to the whether a certificate of appealability should issue. The court does note, however, that up to this point Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

THEREFORE, in accord with the foregoing, it is hereby ORDERED that Petitioner's motion dated January 8, 2010, to voluntarily dismiss his prior motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure as filed at Docket Number 294 is hereby DENIED. Further, it is hereby ORDERED that Petitioner's second motion for reconsideration pursuant to Rule 60(b) that was filed on January 19, 2010, at Docket Number 297 is hereby DENIED.

IT IS SO ORDERED.

Dated:     August 13, 2010                                _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE